Frank C. POWELL, Jr. and Doris Dae
Powell, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

H. H. HELGERSON and D. F. Helgerson,
Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. 66–835, 66–845.

United States District Court
D. South Dakota, S. D.

Jan. 27, 1969.

Robert C. Heege, of Davenport, Evans, Hurwitz & Smith, Sioux Falls, S. D., for plaintiffs.

Harold C. Doyle, U. S. Dist. Atty., for the District of South Dakota, and Gene R. Bushnell, Asst. U. S. Atty., of Sioux Falls, S. D., and Daniel J. Dinan, Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM DECISION

NICHOL, Chief Judge.

Taxpayers have brought two actions, consolidated for trial by stipulation, requesting a refund in taxes paid during 1961 and 1962 on the ground that their deduction of certain legal fees from their gross income during the years in question, which the Commissioner disallowed, was allowable under Sec. 212 of the Internal Revenue Code of 1954.

The facts (also stipulated) are as follows: On December 3, 1960, taxpayers D. D. Powell, F. C. Powell, Jr., and H. H. Helgerson, granted an option to the Gibraltar Life Insurance Company of America (hereinafter called Gibraltar) to purchase 38,388 shares of the capital stock of the National Life of America (hereinafter called National), and at the same time made and executed a Stock Purchase Agreement with Gibraltar. On or about May 31, 1961, Gibraltar assigned its rights under the option to one J. S. Shively, who entered into a "Memorandum of Agreement" with aforementioned taxpayers on June 2, 1961. Pursuant to the Stock Purchase Agreement, the initial net payment of $727,585 was made on or before June 15, 1961, and the taxpayers' stock was placed in escrow as security for the balance of the purchase price.

On or about July 13, 1961, the Insurance Commissioner of the State of South Dakota took custody of the securities of National to prevent consummation of a $2,815,516.25 investment contemplated by the Shively group, acting under said Purchase Agreement as the new management of National. National then brought a mandamus action against the Insurance Commissioner in the state Circuit Court for the Sixth Judicial Circuit, Hughes County, South Dakota, to compel the Commissioner to release those assets which he had seized. The taxpayers intervened in that action.

On September 30, 1961, taxpayers D. D. Powell, F. D. Powell, Jr., and H. H. Helgerson, commenced a class action for their own benefit and for the benefit of National and its stockholders and policy holders, against J. S. Shively, et al., in the Circuit Court for the Fourth Judicial Circuit, Davison County, South Dakota. Defendants J. S. Shively, et al., attempted to remove that action to this court, but the case was thereafter remanded to the Circuit Court.

As a consequence of the intervention in the mandamus action in the state Circuit Court of South Dakota, Sixth Judicial Circuit, the commencement of a class action in the state Circuit Court of South Dakota, Fourth Judicial Circuit, and the attempt to remove that case to this court, the taxpayers incurred various legal expenses.

It has been stipulated that none of the fees and expenses were incurred for services or expenses on account of the negotiation of the Option, Stock Purchase Agreement or other documents related to the sale of the stock itself. The Government has also stipulated that the fees and expenses were reasonable and necessary. The Government's position is that these fees and expenses should be capitalized, thus reducing the capital gain realized by the taxpayers on the sale of their stock, rather than used as a deduction from ordinary income. The taxpayers contend, on the other hand, that the fees and expenses are deductible from ordinary income.

The stock, the value of which the taxpayers attempted to conserve through the discussed litigation, represented the controlling interest of National. Certainly it cannot be argued that that litigation was not an attempt to conserve property held for the production of income. In contrast to the property involved in United States v. Gilmore, 372 U.S. 39, 83 S.Ct. 623, 9 L.Ed.2d 570, which litigation arose from a divorce action, admittedly an action arising from a personal matter, the present litigation all clearly arose from a business rather than a personal matter, i. e., the conservation of the value of the stock that the taxpayers held as security resulting from the sale of the controlling interest in National. Clearly the present case meets the test as required by *Gilmore* at p. 49, 83 S.Ct. at p. 629.

> * * * (T)he origin and character of the claim with respect to which an expense was incurred, rather than its potential consequences upon the fortunes of the taxpayer, is the controlling basic test of whether the expense was "business" or "personal" and hence whether it is deductible or not * * *.

The recent case of Beerman v. United States, 390 F.2d 638 (6th Cir. 1968), is clearly analogous to the present case. In *Beerman* a sale of a capital asset was made, as was done in the present case. Rather than involving stock being held for security of the sale, a promissory note was held in *Beerman*. Litigation resulted as to the agreement of sale. The Court in *Beerman* found that the attendant litigation was not only founded upon a business origin, but was also directly related to the management, conservation, or maintenance of income-producing property, namely, the note. In our judgment, the *Beerman* case is clearly controlling here. Judgment will be for the taxpayers.

The preceding will constitute the findings of fact and conclusions of law, and the Internal Revenue Service is hereby directed to determine the amount of refund due the taxpayers in accordance with this memorandum decision.